

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00030-CR

## IN RE MICHAEL FLORENCE

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Michael Florence has filed a mandamus application challenging the denial of his motion for judgment *nunc pro tunc* in which he contends the judgment does not give him proper credit for the time he served before trial. We will deny the relief requested.

Florence was convicted of aggravated sexual assault of a child in Travis County in 1991 and sentenced to thirty years' imprisonment. He committed the offense of possession of a deadly weapon in a penal institution on July 6, 1992. He was indicted by a Madison County grand jury for this offense on March 29, 1993. Pursuant to a plea bargain, he was convicted of this offense and sentenced to ten years' imprisonment on

July 12, 1993. The trial court gave Florence credit for time served beginning on March 29, 1993, the date of the indictment.[1]

Florence filed a motion for judgment *nunc pro tunc* in November 2008 alleging that the judgment should be corrected to give him credit for time served beginning on the date of the offense rather than the date of the indictment. Respondent denied this motion.

The proper procedure for correcting an erroneous recital in a judgment concerning pre-sentence time credit is to file a motion for judgment *nunc pro tunc* with the trial court. *Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004) (per curiam); *In re Gomez*, 268 S.W.3d 262, 264 & n.1 (Tex. App.—Austin 2008, orig. proceeding). If the court fails to rule on the motion or denies it, then the defendant can seek appellate review by filing a mandamus petition with the court of appeals. *Gomez*, 268 S.W.3d at 264; *Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.); *see Ex parte Forooghi*, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006) (Johnson, J., concurring statement); *Ybarra*, 149 S.W.3d at 149. Thus, Florence has employed the appropriate procedural vehicle to bring his complaint before this Court.

When an inmate like Florence commits an offense while imprisoned, credit for time served on the new offense will begin to run when a detainer or hold is lodged against the inmate for the new offense. *Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim.

---

[1] This factual background is derived largely from information contained in Florence's pleadings. We note, however, that Florence's mandamus application is defective because it does not include: (1) the certification required by Rule of Appellate Procedure 52.3(j); or (2) certified or sworn copies of the supporting documents as required by Rule 52.3(k). *See* TEX. R. APP. P. 52.3(j), (k)(1)(A). Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies because Florence cannot prevail on the merits of his claim based on the information provided. *Id.* 2.

App. 1989) (per curiam); *accord Ex parte Rodriguez*, 195 S.W.3d 700, 703 (Tex. Crim. App. 2006).

Here, Florence has favored this Court with a copy of his reply to the State's response to his motion for judgment *nunc pro tunc*. According to Florence, the State contends that he is not entitled to additional time credit because a detainer was never lodged against him. Florence does not dispute this contention, stating, "The issue here is not about a detainer." We disagree. According to *Bynum*, the issue is when a detainer or other hold was lodged against Florence. *Id.*

From the limited record provided, no detainer was lodged against Florence prior to his indictment. Therefore, he is not entitled to credit for time served between the date of the offense and the date of the indictment. For this reason, Respondent did not err by denying Florence's motion for judgment *nunc pro tunc*.

The mandamus application is denied.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Application denied
Opinion delivered and filed April 8, 2009
Do not publish
[OT06]