IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00030-CR

 

In
re Michael Florence

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Michael Florence has filed a
mandamus application challenging the denial of his motion for judgment nunc
pro tunc in which he contends the judgment does not give him proper credit
for the time he served before trial.  We will deny the relief requested.

            Florence was convicted of
aggravated sexual assault of a child in Travis County in 1991 and sentenced to
thirty years’ imprisonment.  He committed the offense of possession of a deadly
weapon in a penal institution on July 6, 1992.  He was indicted by a Madison County grand jury for this offense on March 29, 1993.  Pursuant to a plea bargain,
he was convicted of this offense and sentenced to ten years’ imprisonment on
July 12, 1993.  The trial court gave Florence credit for time served beginning
on March 29, 1993, the date of the indictment.[1]

            Florence filed a motion for
judgment nunc pro tunc in November 2008 alleging that the judgment
should be corrected to give him credit for time served beginning on the date of
the offense rather than the date of the indictment.  Respondent denied this
motion.

            The proper procedure for
correcting an erroneous recital in a judgment concerning pre-sentence time
credit is to file a motion for judgment nunc pro tunc with the trial
court.  Ex parte Ybarra, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004)
(per curiam); In re Gomez, 268 S.W.3d 262, 264 & n.1 (Tex.
App.—Austin 2008, orig. proceeding).  If the court fails to rule on the motion
or denies it, then the defendant can seek appellate review by filing a mandamus
petition with the court of appeals.  Gomez, 268 S.W.3d at 264; Castor
v. State, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.); see Ex
parte Forooghi, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006) (Johnson, J.,
concurring statement); Ybarra, 149 S.W.3d at 149.  Thus, Florence has employed the appropriate procedural vehicle to bring his complaint before
this Court.

            When an inmate like Florence commits an offense while imprisoned, credit for time served on the new offense
will begin to run when a detainer or hold is lodged against the inmate for the
new offense.  Ex parte Bynum, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989)
(per curiam); accord Ex parte Rodriguez, 195 S.W.3d 700, 703 (Tex. Crim.
App. 2006).

            Here, Florence has favored
this Court with a copy of his reply to the State’s response to his motion for
judgment nunc pro tunc.  According to Florence, the State contends that
he is not entitled to additional time credit because a detainer was never
lodged against him.  Florence does not dispute this contention, stating, “The
issue here is not about a detainer.”  We disagree.  According to Bynum,
the issue is when a detainer or other hold was lodged against Florence.  Id.

            From the limited record
provided, no detainer was lodged against Florence prior to his indictment. 
Therefore, he is not entitled to credit for time served between the date of the
offense and the date of the indictment.  For this reason, Respondent did not
err by denying Florence’s motion for judgment nunc pro tunc.

The mandamus application is denied.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Application
denied

Opinion
delivered and filed April 8, 2009

Do not publish

[OT06]








 









[1]
              This factual
background is derived largely from information contained in Florence’s
pleadings.  We note, however, that Florence’s mandamus application is defective
because it does not include: (1) the certification required by Rule of
Appellate Procedure 52.3(j); or (2) certified or sworn copies of the supporting
documents as required by Rule 52.3(k).  See Tex. R. App. P. 52.3(j), (k)(1)(A).  Nevertheless, we will
apply Rule of Appellate Procedure 2 and disregard these deficiencies because Florence cannot prevail on the merits of his claim based on the information provided.  Id. 2.








t
the court erred by dismissing his suit with prejudice.  It is error to dismiss
an inmate’s suit with prejudice if the inmate has not been given an opportunity
to amend his pleadings.  See Mullins v. Estelle High Sec. Unit, 111
S.W.3d 268, 273-74 (Tex. App.—Texarkana 2003, no pet.); Hughes v. Massey,
65 S.W.3d 743, 746 (Tex. App.—Beaumont 2001, no pet.); Thompson v. Tex. Dept. of Crim. Just., 33 S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied).  Long was not given an opportunity to amend his pleadings.  Accordingly,
we sustain his fourth issue.

We modify the judgment to delete the provision
of the judgment that Long’s suit is dismissed “with prejudice against refiling
the same” and affirm the judgment as modified.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Affirmed as modified

Opinion delivered and
filed July 20, 2005

[CV06]









[1]
          See Long v. State, 137
S.W.3d 726 (Tex. App.—Waco 2004, pet. ref’d).





[2]
          Long’s first issue states, “The
trial court’s dismissal order is false.  He says the pleadings attempt to
revisit issues that . . . were either raised and disposed of or could of [sic]
been raised at trial or on direct appeal.”

 





[3]
          Long’s remaining issues concern
various aspects of the manner in which his prosecution was conducted.