

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-289-CR

MICHAEL KAY PULLEN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On April 21, 2009, the trial court entered a judgment revoking Appellant Michael Kay Pullen's community supervision for the offense of possession of a controlled substance under one gram and sentencing him to twenty months' confinement in a state jail. On May 11, 2009, Pullen filed a "Motion for New Trial or, Notice of Appeal." On August 20, 2009, Pullen filed a pro se "Notice of Appeal to Motion for Time Credit."

---

[1] *See* Tex. R. App. P. 47.4.

On September 8, 2009, we notified Pullen that the trial court's certification of his right to appeal had been filed under the date of August 27, 2009;[2] that the certification states this is a plea bargain case and he has no right of appeal; that the certification states he has waived the right of appeal; and that the appeal may be dismissed unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal with the court on or before September 18, 2009. Pullen filed a response, but it does not show grounds for continuing the appeal.[3] Therefore, in accordance with the trial court's certification, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), 43.2(f).

PER CURIAM

PANEL: MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 29, 2009

---

[2] *See* Tex. R. App. P. 25.2(d).

[3] To the extent Pullen contends that he is entitled to a greater back-time credit than what is reflected in the judgment, and to the extent his plea agreement with the State did not address whether he was to receive back-time credit or how much, Pullen's remedy may be to file a motion for judgment nunc pro tunc in the trial court. *See In re Gomez*, 268 S.W.3d 262, 264–66 (Tex. App.—Austin 2008, no pet.); *see also Collins v. State*, 240 S.W.3d 925, 928–29 (Tex. Crim. App. 2007).