COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-289-CR

 

 

MICHAEL
KAY PULLEN                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH
DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

On April 21, 2009, the trial court entered a
judgment revoking Appellant Michael Kay Pullen=s
community supervision for the offense of possession of a controlled substance
under one gram and sentencing him to twenty months=
confinement in a state jail.  On May 11,
2009, Pullen filed a AMotion for New Trial or, Notice
of Appeal.@ 
On August 20, 2009, Pullen filed a pro se ANotice
of Appeal to Motion for Time Credit.@








On September 8, 2009, we notified Pullen that the
trial court=s certification of his right to
appeal had been filed under the date of August 27, 2009;[2]
that the certification states this is a plea bargain case and he has no right
of appeal; that the certification states he has waived the right of appeal; and
that the appeal may be dismissed unless he or any party desiring to continue
the appeal filed a response showing grounds for continuing the appeal with the
court on or before September 18, 2009. 
Pullen filed a response, but it does not show grounds for continuing the
appeal.[3]  Therefore, in accordance with the trial court=s
certification, we dismiss the appeal.  See
Tex. R. App. P. 25.2(a)(2), 43.2(f).

PER
CURIAM

 

PANEL:  MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 29, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 25.2(d).





[3]To the extent Pullen
contends that he is entitled to a greater back-time credit than what is
reflected in the judgment, and to the extent his plea agreement with the State
did not address whether he was to receive back-time credit or how much, Pullen=s remedy may be to file a
motion for judgment nunc pro tunc in the trial court.  See In re Gomez, 268 S.W.3d 262, 264B66 (Tex. App.CAustin 2008, no pet.); see
also Collins v. State, 240 S.W.3d 925, 928B29 (Tex. Crim. App.
2007).