COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-09-289-CR

MICHAEL KAY PULLEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On April 21, 2009, the trial court entered a judgment revoking Appellant Michael Kay Pullen’s community supervision for the offense of possession of a controlled substance under one gram and sentencing him to twenty months’ confinement in a state jail.  On May 11, 2009, Pullen filed a “Motion for New Trial or, Notice of Appeal.”  On August 20, 2009, Pullen filed a pro se “Notice of Appeal to Motion for Time Credit.”

On September 8, 2009, we notified Pullen that the trial court’s certification of his right to appeal had been filed under the date of August 27, 2009;
(footnote: 2) that the certification states this is a plea bargain case and he has no right of appeal; that the certification states he has waived the right of appeal; and that the appeal may be dismissed unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal with the court on or before September 18, 2009.  Pullen filed a response, but it does not show grounds for continuing the appeal.
(footnote: 3)  Therefore, in accordance with the trial court’s certification, we dismiss the appeal.  
See 
Tex. R. App. P. 25.2(a)(2), 43.2(f).

PER CURIAM

PANEL:  MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2009

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
See 
Tex. R. App. P. 25.2(d).

3:
To the extent Pullen contends that he is entitled to a greater back-time credit than what is reflected in the judgment, and to the extent his plea agreement with the State did not address whether he was to receive back-time credit or how much, Pullen’s remedy may be to file a motion for judgment nunc pro tunc in the trial court.  
See In re Gomez
, 268 S.W.3d 262, 264–66 (Tex. App.—Austin 2008, no pet.); 
see also Collins v. State
, 240 S.W.3d 925, 928–29 (Tex. Crim. App. 2007).