

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00143-CR

KEVIN L. JONES                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1531264D

----------

## MEMORANDUM OPINION[1]

----------

After pleading guilty pursuant to a plea bargain, appellant Kevin L. Jones attempts to appeal his conviction for possessing less than one gram of methamphetamine. The trial court sentenced Jones in accordance with the parties' agreement and certified that Jones has no right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2018); Tex. R. App. P. 25.2(a)(2).

---

[1]*See* Tex. R. App. P. 47.4.

After the plea hearing, Jones timely filed on March 27, 2018, a pro se notice of appeal. *See* Tex. R. App. P. 25.2(c), 26.2(a)(1). On April 12, 2018, we notified Jones that the trial court had certified that he had no right to appeal and that we would dismiss his appeal unless on or before April 23, 2018, he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. After the letter we sent Jones was returned because he was no longer in the Tarrant County Jail, we sent the same notice to his penitentiary address on May 3, 2018, and reset the deadline to file a response to May 14, 2018.

On May 14, 2018, Jones filed a pro se response, but two days later, he filed a pro se motion requesting, among other relief, to extend the time to file a response. On May 30, 2018, we granted Jones's motion to the extent it sought additional time to file a response and extended the time to June 14, 2018, but we denied all other requested relief. On May 31, 2018, Jones filed another response that elaborated on his earlier one.

The record does not show that the punishment the trial court assessed exceeded the prosecutor's recommended—and Jones's agreed-to—punishment; additionally, the record and Jones's responses do not show that Jones wants to appeal a matter that he raised by written motion that he filed and the trial court ruled on before trial or that the trial court granted Jones permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). Thus, in accordance with the trial court's

certification, we dismiss the appeal.[2] *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez*, 183 S.W.3d at 680. Along with the appeal, we dismiss all pending motions as well.[3]

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  KERR, PITTMAN, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 2, 2018

---

[2]We have no authority to do anything but dismiss. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Jones might, though, have other avenues of relief. *See Greenberg v. State*, No. 02-17-00297-CR, 2018 WL 2142770, at *1 n.4 (Tex. App.—Fort Worth May 10, 2018, no pet. h.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 23.2; *In re Gomez*, 268 S.W.3d 262, 264 n.1 (Tex. App.—Austin 2008, no pet.) ("[T]he high court has emphasized that *nunc pro tunc* is the *only* means by which a defendant can obtain relief from the omission of back-time credit from a judgment, at least until the defendant is confined beyond his correct maximum discharge date.").

[3]On June 13, 2018, Jones filed a motion to extend time to file a response to a nonexistent *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).

3