

# NUMBER 13-22-00340-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE EAZY LEE OCANAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Relator Eazy Lee Ocanas filed a pro se petition for writ of mandamus contending that he has not received the correct amount of jail time credit arising from his conviction in cause number CR-2687-21-B in the 93rd District Court of Hidalgo County, Texas. Relator requested this Court to order the trial court to forward a judgment nunc pro tunc to the Texas Department of Criminal Justice to address this error.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). As it pertains to this case, mandamus relief may be available to correct errors pertaining to jail time credit. *See In re Gomez*, 268 S.W.3d 262, 264 (Tex. App.—Austin 2008, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (governing "credit on the defendant's sentence").

This Court requested and received a response to the petition for writ of mandamus from the real party in interest, the State of Texas, acting by and through the Hidalgo County District Attorney. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The State asserts that the respondent in this original proceeding signed judgments nunc pro tunc on March 1, 2022 and July 29, 2022; the Hidalgo County District Clerk sent the judgments nunc pro tunc to the Texas Department of Criminal Justice on July 19, 2022 and August 2, 2022; and TDCJ has now credited relator with the appropriate jail time credit, showing that relator's release date is now September 18, 2022. The State thus contends that relator has already received the relief requested by petition for writ of mandamus and this original proceeding has been rendered moot.

2

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, agrees with the State that this original proceeding has been rendered moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) ("This Court has dismissed petitions for mandamus on the ground that the relief sought had become moot . . . ."); *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding) ("[W]e hold that there is nothing to mandamus, ergo mandamus does not lie."); *In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.—Dallas 2020, orig. proceeding) ("Because relator has received the relief requested in his petition, his petition is now moot."); *In re Evans*, 581 S.W.3d 431, 434 (Tex. App.—Texarkana 2019, orig. proceeding) (dismissing a petition for writ of mandamus as moot). Accordingly, we dismiss the petition for writ of mandamus as moot.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of August, 2022.