**Ex parte Russell E. CHAMBERLAIN.**

**No. 61701.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 19, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding pursuant to Art. 11.07, V.A.C.C.P.

On February 18, 1969, petitioner was sentenced to imprisonment for sixty years following his conviction for robbery by assault. Art. 42.03, V.A.C.C.P., as it read at the time petitioner was sentenced, provided that credit for pretrial jail time was to be allowed at the discretion of the trial judge. The record reflects that petitioner was not given such credit. Petitioner contends that he is entitled to credit for his pretrial jail time under the rule announced in *Caraway v. State*, 550 S.W.2d 699 (Tex.Cr.App.1977). In its answer, the State argues that *Caraway* does not apply since petitioner was not assessed the maximum punishment of imprisonment for life. Art. 14.08, V.A.P.C. (1925). The District Court found that there were no material controverted facts and, without a hearing, recommended that the relief requested be denied.

In *Caraway v. State*, supra, we stated the contention of the defendant as follows:

"In his first ground of error appellant complains he was denied equal protection and due process of the law in violation of the Fourteenth Amendment because he 'could not post bond prior to trial' and received the maximum sentence but was not given credit for his pretrial jail time. It is appellant's position that denial of pretrial jail time credit unfairly extended his *parole eligibility date* and thus should be controlled by the rationale of *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Hart v. Henderson*, 449 F.2d 183 (5th Cir. 1971)" (Emphasis in original.)

In *Williams v. Illinois*, supra, the United States Supreme Court held that a state may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. The Court said:

"We conclude that when the aggregate imprisonment exceeds the maximum period fixed by the statute and results from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination that rests on ability to pay . . ." 399 U.S. at 240, 241, 90 S.Ct. at 2022.

In *Hart v. Henderson*, supra, the United States Court of Appeals for the Fifth Circuit extended the reasoning of *Williams v. Illinois*, supra, to pretrial incarceration. The Court of Appeals held that the inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum.

In *Caraway v. State*, supra, we carried the rule one step further, holding that the inability of an indigent defendant to post bond should not result in the delay of his parole eligibility date beyond the maximum of twenty years set by Art. 42.12, Sec. 15, V.A.C.C.P. In *Caraway*, the defendant had been sentenced to imprisonment for life and would become eligible for parole after serving twenty years. Since the trial judge had not given Caraway credit for his pretrial jail time, he would have had to serve twenty years without credit for the time spent in jail prior to trial before becoming eligible for parole. In other words, his aggregate imprisonment prior to becoming eligible for parole would have exceeded the twenty-year maximum. We held that this was constitutionally impermissible because Caraway had been unable to post bond due to indigency, and that he was entitled to credit for his pretrial jail time.

Although petitioner was sentenced to imprisonment for sixty years rather than for life, this is a distinction without a difference insofar as parole eligibility is concerned. Petitioner will not become eligible for parole until he has served one-third of his sentence, or twenty years. Just as in *Caraway*, unless petitioner is given credit for his pretrial jail time he will be forced to serve twenty years without credit for the time spent in jail prior to trial before he becomes eligible for parole, i. e., his aggregate imprisonment will exceed the statutory maximum. Just as in *Caraway*, this delay of petitioner's eligibility for parole beyond the statutory maximum is constitutionally impermissible if petitioner was unable to post bond prior to his trial because he was indigent.

We hold that petitioner is entitled to credit for his pretrial jail time to the extent that such incarceration was due to his financial inability to post bond. The cause is remanded to the district court for a determination of the pretrial jail time credit to which petitioner is entitled.

It is so ordered.