TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00372-CR







James Walker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0954572, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant James Walker appeals from an order revoking community supervision. 
He complains that he was not given credit on his sentence for the time he was incarcerated prior
to the final revocation proceeding, and that the trial court erred in reassessing and increasing his
punishment.

 Appellant was indicted for a state jail felony theft enhanced by three prior felony
convictions. On October 26, 1995, appellant was arrested. On December 11, pursuant to a plea
bargain agreement, appellant entered a guilty plea. The trial court found appellant guilty of a state
jail felony theft, and further found that appellant had been convicted of one prior felony. On
December 20, the trial court assessed appellant's punishment at confinement in a state jail facility
for two years and a fine of $1,000. The trial court suspended imposition of sentence and granted
appellant community supervision for a period of five years. One of the conditions of community
supervision was appellant's confinement for sixty days.

 On September 20, 1996, the State moved the trial court to revoke appellant's
community supervision, alleging that appellant had violated several conditions of his community
supervision. A warrant was issued and appellant was arrested on March 26, 1997. On April 8,
appellant pled true to the motion to revoke. On April 16, appellant's community supervision was
revoked and his punishment was reduced to incarceration in a state jail facility for eighteen
months. Appellant was awarded jail-time credit from September 4, 1995 to December 21, 1995,
and from March 27, 1997 to April 8, 1997. On April 21, 1997, appellant gave notice of appeal. 
On May 7, 1997, appellant moved the trial court to grant him a new hearing on the motion to
revoke community supervision.

 On May 15, the trial court granted appellant's motion for a new hearing. On June
5, the trial court conducted a new hearing on the motion to revoke and found that appellant had
violated several conditions of community supervision. Following the new hearing, the trial court
sentenced appellant to confinement in a state jail facility for two years and refused to give
appellant any credit for the time he had already served in jail.

 On June 19, this Court dismissed appellant's appeal because he had been granted
a new hearing on the motion to revoke before the appellate record had been prepared and filed in
this Court. On June 19, the same day, appellant gave notice of appeal from the order revoking
community supervision entered after the second hearing of the motion to revoke. That appeal is
now before us.

 In his first point of error, appellant asserts that he is entitled to credit on his
sentence for the time he was incarcerated on this charge prior to his guilty plea. The State agrees. 
Because appellant was indigent, did not make bond, and received the maximum possible
punishment, the trial court did not have discretion to deny appellant credit for jail-time prior to
his plea. See Ex parte Harris, 946 S.W.2d 79 (Tex. Crim. App. 1997). Appellant's first point
of error is sustained. Appellant shall be granted credit on his sentence for the time he was
incarcerated prior to his guilty plea.

 In his second and third points of error, appellant claims that the trial court's denial
of credit on his sentence for the time he was incarcerated between his arrest on the revocation
warrant and his sentencing after revocation of community supervision violated his federal and state
constitutional rights of due process and due course of law. See U.S. Const. amend. XIV; Tex.
Const. art. I, § 19. The State responds that appellant is not entitled to jail-time credit between the
time of his revocation warrant arrest and his plea of true on April 8, 1997. However, the State
agrees that appellant is entitled to jail-time credit from April 8 until community supervision was
revoked on May 15. The State's position is supported by Ex parte Harris, 946 S.W.2d at 80-81.
and Greenwood v. State, 948 S.W.2d 542, 545 (Tex. App.--Fort Worth 1997, no pet.). 
However, the constitutionality of the statute under which jail-time credit was denied was not a
decided issue in either Ex parte Harris or Greenwood.


 In this case, appellant contends that the statute under which he was denied jail-time
credit is unconstitutional. The statute in effect when the offense was committed provided:


A judge may credit against any time a defendant is subsequently required to serve
in a state jail felony facility after revocation of community supervision time served
by the defendant in county jail from the time of the defendant's arrest and
confinement until sentencing by the trial court.



Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3732,
amended by Act of April 21, 1995, 74th Leg., R.S., ch. 76, § 3.10, 1995 Tex. Gen. Laws 458,
465; Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2755; Act
of May 25, 1995, 74th Leg., R.S., ch. 321, § 3.006, 1995 Tex. Gen. Laws 2774, 2816 (as
amended and codified, Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (West Supp. 1998).

 The Sixth Court of Appeals has held that judicial discretion allowed by Article
42.12, § 15(h)(2) violates the due course of law provision of the Texas Constitution. See Jimerson
v. State, 957 S.W.2d 875, 878 (Tex. App.--Texarkana 1997, no pet.). In that case the trial court
exercised its discretion by disallowing jail-time credit. The Sixth Court held that the denial of jail-time credit to Jimerson for "the time spent in a penal institution between his arrest on a revocation
warrant and a hearing on revocation" was a denial of due course of law. Id. The Sixth Court of
Appeals found the "conceptual underpinning" for its holding in Ex parte Price, 922 S.W.2d 957
(Tex. Crim. App. 1996). In Ex parte Price, the Court of Criminal Appeals held that a parolee
was entitled to jail-time credit for the time served between his incarceration pursuant to a pre-revocation warrant and the time the warrant was withdrawn. The court's decision in Ex parte
Price relied upon Ex parte Canada, 754 S.W.2d 600 (Tex. Crim. App. 1988). In Ex parte
Canada, the court held that "any time spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied a parolee." Canada had been denied jail-time credit by the
Texas Board of Pardons and Paroles under a statute authorizing the board's discretion. See Act
of May 2, 1985, 69th Leg., R.S., ch. 427, § 2, 1985 Tex. Gen. Laws 1531, 1553-54, (repealed
by Acts of 1997, 75th Leg., ch. 165, § 12.22, eff. Sept. 1, 1997). That statute was held to violate
the due course of law provision of the Texas Constitution. See Tex. Const. art. I, § 19.

 We hold that Ex parte Price and Ex parte Canada control the disposition of the
issues presented in appellant's second and third points of error. Therefore, appellant's second and
third points of error are sustained. Appellant shall be granted credit on his sentence for the time
he was incarcerated between his arrest on the revocation warrant and the imposition of sentence.

 In his fourth point of error, appellant insists that the trial court erred in not giving
him credit on his sentence for the time he was incarcerated as a condition of community
supervision. Appellant's punishment was for the maximum jail time provided for the offense of
which he was convicted. He argues that because the trial court did not exercise its discretion and
give him credit for the jail-time imposed as a condition of community supervision, his total
punishment was greater than the time authorized for the offense of which he was convicted.

 In Ex parte Harris, the circumstances were almost identical to those in this case. 
The Court of Criminal Appeals held that unless the trial court exercised its discretion to give credit
for jail-time imposed as a condition of community supervision, a defendant is not entitled to credit
for that time. See Ex parte Harris, 946 S.W.2d at 80-81. The trial court did not err in refusing
to grant appellant credit on his sentence for the jail-time served as a condition of community
supervision. We note that since the commission of the offense in this case, the statute has been
amended and the trial court is no longer authorized to exercise its discretion to award credit for
the time served as a condition of community supervision. See Tex. Code Crim. Proc. Ann. art.
41.12, § 15(h)(2) (West Supp. 1998). Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant asserts that the trial court erred when, without
stating its reasons, it increased appellant's punishment after the second hearing of the motion to
revoke. After the first hearing of the motion to revoke, the trial court reduced appellant's
punishment from incarceration for two years to eighteen months. After the second hearing of the
motion to revoke, the trial court reinstated the original punishment of incarceration for two years.

 Appellant, relying on North Carolina v. Pearce, 395 U.S. 711 (1969), argues that
when punishment is increased on retrial, there is a presumption that the increased punishment was
a result of the sentencing judge's vindictiveness. Consequently, an unreasoned increase of
punishment will not be allowed. Without deciding, we assume that the Pearce rationale would
apply to the circumstances of this case. However, the Supreme Court has modified Pearce's "rule
of sweeping dimension." Alabama v. Smith, 490 U.S. 794, 799 (1989). The evil the Pearce court
sought to prevent was not the imposition of enlarged sentences after a new trial but the
vindictiveness of the sentencing judge. See id. In circumstances in which there is no "reasonable
likelihood" that the increase in punishment is the product of actual vindictiveness on the part of
the sentencing judge, the burden remains upon the defendant to prove actual vindictiveness. See
id. at 799; see also Texas v. McCullough, 475 U.S. 134, 142 (1986).

 In this case, although the trial court may not have stated reasons for reinstating the
original punishment, the court's reasons may be easily inferred from the record. Appellant pled
true to the allegations of the motion to revoke at the first hearing. Specifically, appellant pled true
to allegations that he (1) failed to report to probation officers on several occasions; (2) failed to
work at suitable employment; (3) failed to obtain permission before moving; (4) failed to pay fees,
costs, and fines; (5) failed to complete a counseling program; (6) failed to attend and provide
documentation that he had attended Alcoholics Anonymous meetings. A second hearing was
granted at appellant's request and more evidence on these violations and new violations were
shown at the second hearing. The record shows that (1) appellant reported to his probation officer
only two times, (2) appellant "never paid anything" and was delinquent in paying fees, costs, and
fines, (3) appellant attended only one Alcoholics Anonymous meeting, (4) appellant did not
complete his participation in a ninety-day rehabilitation program. Appellant testified and made
excuses for the violations, blaming misfortune, frustration, a technicality, and fear that a warrant
had been issued for his arrest. Appellant admitted to committing perjury and to the commission
of a subsequent criminal offense. The court's reinstatement of the original punishment may be
attributed to the trial court's hearing additional information concerning appellant's violation of
conditions of the community supervision rather than vindictiveness. In these circumstances, the
presumption of vindictiveness will not be applied. Appellant has failed to show that it was actual
vindictiveness of the trial court that caused the trial court to restore the punishment originally
assessed. Appellant's fifth point of error is overruled.


 The order of revocation is affirmed. The cause is remanded to the trial court which
is ordered to credit appellant for the jail-time to which we have held him entitled.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed and Remanded for Award of Jail-Time Credit

Filed: October 22, 1998

Do Not Publish



















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



unishment is increased on retrial, there is a presumption that the increased punishment was
a result of the sentencing judge's vindictiveness. Consequently, an unreasoned increase of
punishment will not be allowed. Without deciding, we assume that the Pearce rationale would
apply to the circumstances of this case. However, the Supreme Court has modified Pearce's "rule
of sweeping dimension." Alabama v. Smith, 490 U.S. 794, 799 (1989). The evil the Pearce court
sought to prevent was not the imposition of enlarged sentences after a new trial but the
vindictiveness of the sentencing judge. See id. In circumstances in which there is no "reasonable
likelihood" that the increase in punishment is the product of actual vindictiveness on the part of
the sentencing judge, the burden remains upon the defendant to prove actual vindictiveness. See
id. at 799; see also Texas v. McCullough, 475 U.S. 134, 142 (1986).

 In this case, although the trial court may not have stated reasons for reinstating the
original punishment, the court's reasons may be easily inferred from the record. Appellant pled
true to the allegations of the motion to revoke at the first hearing. Specifically, appellant pled true
to allegations that he (1) failed to report to probation officers on several occasions; (2) failed to
work at suitable employment; (3) failed to obtain permission before moving; (4) failed to pay fees,
costs, and fines; (5) failed to complete a counseling program; (6) failed to attend and provide
documentation that he had attended Alcoholics Anonymous meetings. A second hearing was
granted at appellant's request and more evidence on these violations and new violations were
shown at the second hearing. The record shows that (1) appellant reported to his probation officer
only two times, (2) appellant "never paid anything" and was delinquent in paying fees, costs, and
fines, (3) appellant attended only one Alcoholics Anonymous meeting, (4) appellant did not
complete his participation in a ninety-day rehabilitation program. Appellant testified and made
excuses for the violations, blaming misfortune, frustration, a technicality, and fear that a warrant
had been issued for his arrest. Appellant admitted to committing perjury and to the commission
of a subsequent criminal offense. The court's reinstatement of the original punishment may be
attributed to the trial court's hearing additional information concerning appellant's violation of
cond