IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,932-01 AND WR-70,932-02






EX PARTE DAMRON BERNARD CARAWAY, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 1096813 AND 1098252 IN THE 371ST DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
theft and sentenced to 10 months' confinement in a state jail on each count. He did not appeal his
convictions. 

 Applicant alleges that, pending trial on these charges, he was confined in county jail from
January 17, 2008, until April 11, 2008. He seeks time credit for that period of confinement. He
alleges that he sought relief in the time office on July 2, 2008.

 Applicant seeks pre-sentence jail time credits on two state-jail felony convictions. On a state
jail felony, credit for such time is discretionary with the trial court. See Tex. Code Crim. Proc. art.
42.12, §15(h)(2); Ex parte Harris, 946 S.W.2d 79 (Tex. Crim. App. 1997). A defendant is not
entitled to credit for time spent in county jail unless he received the maximum sentence and was
unable to post bond due to indigence. 

 The record is ambiguous as to whether the trial judge intended for Applicant to have the pre-sentence jail-time credit he seeks. Therefore, we are remanding these applications so that the trial
court may review its records and its personal recollection to determine whether Applicant has been
given the pre-sentencing time credit, if any, that the trial court intended to award to him. 

 The trial court shall review the court's records in regard to Applicant's claim that he should
receive pre-sentence jail time credit on these two state-jail felony convictions. The trial judge shall
make findings of fact as to whether she intended to give Applicant the pre-sentence jail-time credit
he seeks and, if so, she shall identify the days of additional credit that Applicant should receive. The
trial judge shall state whether a nunc pro tunc order has been entered in these causes and, if so, shall
identify the date on which that order was entered. The trial court shall enter other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the issue of pre-sentencing time credit. That issue shall be resolved within 14 days of this order. A supplemental
transcript containing the trial court's decision on the grant of pre-sentence time credit shall be
returned to this Court within 15 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 5, 2008

Do not publish