# NO. 12-08-00201-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLAUDE DALE BEAVERS,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Claude Dale Beavers appeals from his conviction for delivery of a controlled substance. In one issue, Appellant contends that the trial court did not credit him with all of the time he had served prior to being sentenced. The State did not file a brief. We affirm.

### BACKGROUND

Appellant pleaded guilty to delivery of a controlled substance in an amount of less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (Vernon 2003). He elected to have a jury assess his punishment. The jury sentenced Appellant to two years in state jail and a fine of $10,000 and recommended that the sentence be probated and that Appellant be placed on community supervision. The trial court imposed that sentence on March 22, 2005. In the written judgment, the trial court gave Appellant credit for 153 days of pretrial detention.

In February 2008, the State filed a motion to revoke Appellant's community supervision. The trial court held a hearing on the State's motion on April 9, 2008. Following the hearing, the trial court found Appellant had violated the terms of his community supervision, revoked it, and sentenced him to confinement for two years in a state jail facility. Appellant's counsel asked that Appellant receive credit for 604 days of pretrial detention, which included time spent in jail before the first trial, time spent in prison on another case following the trial, and time spent in jail

before the hearing to revoke his community supervision. The trial court judge said he would grant the appropriate credit. In the written judgment, the trial court credited Appellant for the 153 days he spent in jail before the first trial, for two additional days from before the first trial, and for forty–five additional days, which appears to be the time Appellant was in jail waiting for the revocation hearing. This appeal followed.

### CREDIT FOR TIME SERVED

Generally, a trial court is obligated to give a defendant credit against his sentence for any time he spent in jail waiting to be tried or sentenced. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2 (Vernon Supp. 2008). With respect to state jail felonies, it is within the discretion of the trial court to grant credit for time spent in jail prior to trial. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon Supp. 2008). However, a trial court must give credit in a case where the defendant is indigent, and therefore unable to make bond, and is given sentence of such length that the sum of the sentence assessed and the time spent in pretrial detention is longer than the maximum allowable sentence. *See **Ex parte Bates***, 978 S.W.2d 575, 577 (Tex. Crim. App. 1998); ***Ex parte Harris***, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997); *see also **Ex parte Chamberlain***, 586 S.W.2d 547, 547–48 (Tex. Crim. App. 1979).

Appellant asserts that he should have been credited for time he served in prison on a companion case because the sentence in this case was ordered to run concurrently with the sentence on the companion case. Assuming for sake of argument that Appellant was indigent, we cannot conclude that the trial court erred in its assessment of the pretrial detention credit for two reasons.

First, there is no evidence in the record to show that Appellant spent time in prison on the other case. Both of the written judgments for this case order that the sentence is to be served concurrently with the sentence in another case. But the only information about the other case in the appellate record is a cause number contained in the judgments. There is no information about any time Appellant served in jail on that case or how any time served in jail might relate to this case. Accordingly, Appellant has not shown that he served any additional time that was not credited properly. *See **W & F Transp., Inc. v. Wilhelm***, 208 S.W.3d 32, 37 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (noting that historically, burden falls on appellant to see that sufficient

2

record is presented showing reversible error); ***Diaz-Galvan v. State***, 942 S.W.2d 185, 186 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd).

Second, Appellant has provided no authority for the proposition that he is entitled to credit on this case for time spent in prison on another case. In fact, the statute regulating the crediting of time spent in jail specifically states that a person is to be credited for time spent "in jail for the case . . . ." TEX. PENAL CODE ANN. § 42.03, § 2 (a)(1). There was no court order confining or imprisoning Appellant on this case during whatever period of time he was imprisoned on the companion case and so that time was not time he served for this case.

The trial court credited Appellant with time spent in jail when he was first arrested, when he was in jail awaiting trial, and when he was in jail awaiting an adjudication hearing in this case. We cannot conclude, based on this record, that Appellant is entitled to any further time credits against his sentence. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

   BRIAN HOYLE   
Justice

Opinion delivered September 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)