# NO. 12-10-00339-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MANDON RYAN THOMPSON,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION

Mandon Ryan Thompson appeals from his conviction for burglary of a building. In one issue, Appellant contends that the trial court did not credit him for all of the time he had served prior to being sentenced. We affirm.

### BACKGROUND

Appellant pleaded guilty to the offense of burglary of a building in September 2005. The trial court deferred adjudication of his guilt and placed him on community supervision. In 2007, the State filed a motion to adjudicate Appellant's guilt, asserting that he had violated the terms of his community supervision. The trial court found that he had violated the terms of his community supervision, found him guilty, and placed him on community supervision with the requirement that he serve time in a Substance Abuse Felony Punishment Facility as a term of his community supervision.

In April 2010, the State filed to revoke Appellant's community supervision. Appellant admitted that he had violated the terms of his community supervision by consuming alcohol and by committing the offense of driving while intoxicated. The trial court found Appellant to be in violation of the terms of his community supervision and sentenced him to confinement for two

1

years in the state jail.   This appeal followed.

<h2 align="center">CREDIT FOR TIME SERVED</h2>

Generally, a trial court is obligated to give a defendant credit against his sentence for any time he spent in jail waiting to be tried or sentenced.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2 (Vernon Supp. 2010).   With respect to state jail felony offenses, however, it is within the discretion of the trial court to grant credit for time spent in jail prior to trial.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon Supp. 2010).   But a trial court must give credit in a case where the defendant is indigent, and therefore unable to make bond, and is given a maximum sentence, or where he was being held for a hearing on a motion to revoke his community supervision.   *See Ex parte Bates*, 978 S.W.2d 575, 578 (Tex. Crim. App. 1998); *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997); *see also Ex parte Chamberlain*, 586 S.W.2d 547, 547–48 (Tex. Crim. App. 1979).

Appellant presented evidence that appears to indicate that he was arrested in Smith County for the offense of assault on January 27, 2010.   On February 17, 2010, a driving while intoxicated charge was added.   Appellant was in custody continuously from January 27, 2010.   Anderson County officials placed a hold on him for this case on May 17, 2010.   At the sentencing hearing, Appellant requested credit for the time from January 27 to May 17 on the theory that "Anderson County did know that he was in Smith County, they just chose to wait to file the Motion to Revoke."

Although Appellant so testified, it is not clear that Anderson County officials were aware that Appellant had committed new offenses and was incarcerated in Smith County.   Even if they were, Appellant has provided no authority, nor have we found any, for his theory that he is entitled to credit for time he served before a hold was placed on him for this case.   In fact, the statute regulating the crediting of time spent in jail specifically states that a person is to be credited for time spent "in jail for the case . . . ."   TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2 (a)(1).

There was no court order confining or imprisoning Appellant on this case until May 17, 2010, and so Appellant is not entitled to credit for time before that date.   *See Bynum v. State*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) (op. on reh'g) (person confined in different jurisdiction entitled to credit in original jurisdiction only if original jurisdiction had detainer or hold lodged against him).   Defendants are entitled, generally, to credit for time served in jail after a hold has been placed on them.   For example, in *Ex parte Rodriguez*, 195 S.W.3d 700, 703–04 (Tex. Crim.

2

App. 2006), the court of criminal appeals held that the defendant was entitled to credit for time spent in a Mexican jail because of a fugitive arrest warrant issued by a Texas court. By way of contrasting example, in *Fernandez v. State*, 775 S.W.2d 787, 789 (Tex. App.–San Antonio 1989, no writ), the court declined to award credit for time served because there was no proof that the other jurisdiction held the defendant for the case in which he was being sentenced. An actual hold or detainer is not required, and in *Ex parte Kuban*, 763 S.W.2d 426, 427 (Tex. Crim. App. 1989), the court gave credit for time served in California because the California officials had arrested the defendant for no reason other than the fact that he was a fugitive from the State of Texas.

There is no evidence that the Smith County jail held Appellant on the basis of the Anderson County charges until a detainer was lodged. No detainer was lodged against Appellant from Anderson County until May 2010. Because he was not confined on the basis of this case prior to May 2010, the trial court properly declined to give Appellant credit for time in jail from January to May 2010. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered June 22, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3