NO.
12-10-00339-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MANDON
RYAN THOMPSON,                      §                 APPEAL FROM THE 3RD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 ANDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION           

            Mandon
Ryan Thompson appeals from his conviction for burglary of a building.  In one
issue, Appellant contends that the trial court did not credit him for all of
the time he had served prior to being sentenced.  We affirm.

 

Background

            Appellant
pleaded guilty to the offense of burglary of a building in September 2005.  The
trial court deferred adjudication of his guilt and placed him on community
supervision.  In 2007, the State filed a motion to adjudicate Appellant’s
guilt, asserting that he had violated the terms of his community supervision. 
The trial court found that he had violated the terms of his community
supervision, found him guilty, and placed him on community supervision with the
requirement that he serve time in a Substance Abuse Felony Punishment Facility
as a term of his community supervision.

            In
April 2010, the State filed to revoke Appellant’s community supervision. 
Appellant admitted that he had violated the terms of his community supervision
by consuming alcohol and by committing the offense of driving while
intoxicated.  The trial court found Appellant to be in violation of the terms
of his community supervision and sentenced him to confinement for two years in
the state jail.  This appeal followed.

Credit for Time Served

Generally,
a trial court is obligated to give a defendant credit against his sentence for
any time he spent in jail waiting to be tried or sentenced.  See Tex. Code Crim. Proc. Ann. art. 42.03, § 2 (Vernon Supp. 2010).  With
respect to state jail felony offenses, however, it is within the discretion of
the trial court to grant credit for time spent in jail prior to trial.  See
Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (Vernon Supp. 2010).  But a trial court must give credit in a case where the defendant is
indigent, and therefore unable to make bond, and is given a maximum sentence,
or where he was being held for a hearing on a motion to revoke his community
supervision.  See Ex parte Bates, 978 S.W.2d 575, 578
(Tex. Crim. App. 1998); Ex parte Harris, 946 S.W.2d 79, 80 (Tex.
Crim. App. 1997); see also Ex parte Chamberlain, 586 S.W.2d 547,
547–48 (Tex. Crim. App. 1979). 

Appellant
presented evidence that appears to indicate that he was arrested in Smith
County for the offense of assault on January 27, 2010.  On February 17, 2010, a
driving while intoxicated charge was added.  Appellant was in custody
continuously from January 27, 2010.  Anderson County officials placed a hold on
him for this case on May 17, 2010.  At the sentencing hearing, Appellant
requested credit for the time from January 27 to May 17 on the theory that “Anderson
County did know that he was in Smith County, they just chose to wait to file
the Motion to Revoke.”  

Although
Appellant so testified, it is not clear that Anderson County officials were
aware that Appellant had committed new offenses and was incarcerated in Smith
County.  Even if they were, Appellant has provided no authority, nor have we
found any, for his theory that he is entitled to credit for time he served
before a hold was placed on him for this case.  In fact, the statute regulating
the crediting of time spent in jail specifically states that a person is to be
credited for time spent “in jail for the case . . . .”  Tex. Code Crim. Proc. Ann. art. 42.03, § 2 (a)(1).  

There
was no court order confining or imprisoning Appellant on this case until May
17, 2010, and so Appellant is not entitled to credit for time before that
date.  See Bynum v. State, 772 S.W.2d 113, 114 (Tex. Crim. App.
1989) (op. on reh’g) (person confined in different jurisdiction entitled to
credit in original jurisdiction only if original jurisdiction had detainer or
hold lodged against him).  Defendants are entitled, generally, to credit for
time served in jail after a hold has been placed on them.  For example, in Ex
parte Rodriguez, 195 S.W.3d 700, 703–04 (Tex. Crim. App. 2006), the
court of criminal appeals held that the defendant was entitled to credit for
time spent in a Mexican jail because of a fugitive arrest warrant issued by a
Texas court.  By way of contrasting example, in Fernandez v. State,
775 S.W.2d 787, 789 (Tex. App.–San Antonio 1989, no writ), the court declined
to award credit for time served because there was no proof that the other
jurisdiction held the defendant for the case in which he was being sentenced. 
An actual hold or detainer is not required, and in Ex parte Kuban,
763 S.W.2d 426, 427 (Tex. Crim. App. 1989), the court gave credit for time
served in California because the California officials had arrested the
defendant for no reason other than the fact that he was a fugitive from the
State of Texas.  

There
is no evidence that the Smith County jail held Appellant on the basis of the
Anderson County charges until a detainer was lodged.  No detainer was lodged
against Appellant from Anderson County until May 2010.  Because he was not
confined on the basis of this case prior to May 2010, the trial court properly
declined to give Appellant credit for time in jail from January to May 2010. 
We overrule Appellant’s sole issue.

 

Disposition

Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

 

                                                                                                Sam Griffith

                                                                                                     
Justice

 

 

Opinion
delivered June 22, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)