

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| CHRISTOPHER NAPIER, | § | No. 08-18-00050-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20170D04503) |
|  | § |  |

# **O P I N I O N**

Appellant Christopher Napier was convicted of five counts of theft. On appeal, Appellant contends that the judgments improperly include matters that were not orally pronounced at sentencing, regarding the places of his confinement and denial of credit for his time served. The State agrees that Appellant is entitled to credit for time served. We reform the judgment entered by the trial court, and in all other respects we affirm.

## **Background**

Appellant was charged with five counts of theft of property valued between $2,500 and $30,000. Three counts were state-jail felonies, and the remaining two were third-degree felonies due to the aggravating factor that the victims were elderly individuals. *See* TEX.PENAL CODE ANN.

§ 31.03(e)(4)(A), (f)(3)(A). Appellant failed to appear for his arraignment. The trial court issued a bench warrant, and Appellant was arrested and held without bond.

Forty-two days after being jailed for failure to appear, Appellant pleaded guilty to all five charges. The trial judge orally pronounced the sentence, stating:

> Sir, based on your plea of guilt and the evidence introduced, I will accept your plea of guilt. And at this time, I will find you guilty of theft in assorted counts in the indictment. I will assess your punishment at six and one half years in the Texas Department of Criminal Justice, the institutional division.

On the same day, the trial judge signed two separate judgments. The first judgment applied to Counts I-III, the state-jail felonies. The punishment and place of confinement were indicated as "twenty four (24) months confinement to state jail division – TDCJ." With respect to time credited, the judgment stated: "as per judges order defendant is no[t] to receive time credit." The second judgment applied to Counts IV and V, the third-degree felonies. The stated punishment and place of confinement were: "six (6) years six (6) months confinement to Texas Department of Criminal Justice." Like the first judgment, the second judgment stated: "as per judges order defendant is not to receive time credit." Both judgments stated that "Defendant is to begin his sentence at the state jail facility prior to being sent to IDTDCJ." It appears that Appellant was present in the courtroom for the entry of both judgments, as each bears an imprint of his right thumbprint.

This appeal ensued.

## Analysis

Appellant presents two issues on appeal. He contends that the trial court lacked authority to deny him pretrial jail credit on any counts. He further argues that the written judgment improperly includes matters not part of the orally imposed sentence, namely the instructions about the order of serving the sentence and the denial of jail credit. The State concedes that with respect

2

to the third-degree felony counts, the trial court was obliged to give Appellant credit for pretrial time served.

Generally, a convicted criminal defendant is entitled to have his punishment pronounced in front of him. TEX.CODE CRIM.PROC.ANN. art. 42.03, § 1(a). There are some exceptions, but none that apply to this case. *See id*. art. 42.14. The "sentence" to be pronounced in the defendant's presence is "that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law." *Id*. arts. 42.02 & 42.03, § 1(a).

When a trial court has discretion over some aspect of punishment, and the oral pronouncement conflicts with the written judgment, the oral pronouncement controls. *See Ette v. State*, 559 S.W.3d 511, 516–17 (Tex.Crim.App. 2018); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex.Crim.App. 2002)(citing TEX.CODE CRIM.PROC.ANN. art. 42.01, § 1). "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003).

### I.     Credit for time served

Appellant argues that trial courts are required to give a criminal defendant credit for time spent "in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court." TEX.CODE CRIM.PROC.ANN. art. 42.03, § 2(a)(1). The State concedes that on the third-degree felony counts, Appellant is not only entitled to credit for time he served before conviction, but the trial judge was subject to a mandatory duty to apply the credit, and therefore even in the absence of an objection raised in the trial court, the judgment should be reformed to

3

the extent it states otherwise. *See Proenza v. State*, 541 S.W.3d 786, 797 (Tex.Crim.App. 2017) (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App. 1993), for the proposition that "a litigant 'need make no request at trial for the implementation of' waiver-only rights precisely because 'the [trial] judge has an independent duty to implement them absent an effective waiver'").

However, with respect to the state-jail felony counts, the State argues that giving jail-time credit was within the trial judge's discretion, *see* TEX.CODE CRIM.PROC.ANN. art. 42A.559(c)(1), and Appellant has waived his complaint by failing to timely raise it in the trial court. *See* TEX.R.APP.P. 33.1(a); *Proenza*, 541 S.W.3d at 792 (rights of litigants which are to be implemented upon request are subject to procedural default).

Appellant has not suggested that his time served in jail prior to the entry of judgment was due to his indigence and resulting inability to post a bond. *See, e.g.*, *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex.Crim.App. 1997)("the equal protection clause of the Fourteenth Amendment requires that inmates receive credit for their pretrial jail time if they had been unable to post bond due to their indigence, even though the relevant statute provided that the award of such credit was discretionary with the trial court"). As the State notes, the record does not compel a conclusion that those circumstances were in place, as Appellant was arrested and jailed without bond due to his failure to appear at his arraignment.

Appellant does not dispute the State's argument that the written judgment was entered on the same day as the oral pronouncement of judgment, or that his thumbprint on the judgment indicates his presence at the time it was entered. The record does not reflect any contemporaneous objection to the trial judge's denial of jail credit on the state-jail felonies, nor was there any postjudgment objection, such as by a motion for new trial. *See Burt v. State*, 396 S.W.3d 574, 577 & n.4 (Tex.Crim.App. 2013). Accordingly, we conclude that Appellant failed to preserve error

4

with respect to the denial of credit for time served for the state-jail felony offenses. *See* TEX.R.APP.P. 33.1(a).

## II.     Variance in oral and written judgments

Appellant suggests an erroneous variance between the judgment as orally pronounced and as reduced to writing. The two judgments each state: "as per judges order defendant is not to receive time credit" and "Defendant is to begin his sentence at the state jail facility prior to being sent to IDTDCJ." Neither of these aspects of the judgment were mentioned when the trial judge orally pronounced judgment, stating that he would assess Appellant's punishment "at six and one half years in the Texas Department of Criminal Justice, the institutional division." Appellant argues that the written judgment violates the requirement that "sentence shall be pronounced in the defendant's presence." TEX.CODE CRIM.PROC.ANN. art. 42.03, § 1(a). In his prayer for relief, Appellant asks that we remove the "surplusage in the trial court's special findings and orders."

As with the issue of time served for the state-jail felony counts, the State suggests waiver of the complaints about "surplusage" in the judgment because of Appellant's failure to object in the trial court. *See* TEX.R.APP.P. 33.1(a). "A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced." *Burt*, 396 S.W.3d at 577. The record in this case strongly suggests that Appellant had the opportunity to object to the written judgments because he was in the courtroom to put his right thumbprints on them on the same date as the oral pronouncement of sentence. Even if the plea hearing presented no adequate opportunity to review the substance of the written judgments so that an objection could be lodged then, there was no postjudgment objection, such as by a motion for new trial. *See id*. at 577 & n.4. We concluded that Appellant's second issue has been waived for failure to preserve error.

5

**Conclusion**

We have authority to reform a judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992). We may reform judgments to correct improper recitations or omissions relating to punishment when the court has the necessary data for reformation. *See* TEX.R.APP.P. 43.2(b)(permitting the court of appeals to modify the trial court's judgment). Accordingly, we reform the written judgment on Counts IV and V, the third-degree felony counts, to give Appellant time credit for the 42 days the records show that Appellant was in jail, from the time of his arrest and confinement until his sentence by the trial court. TEX.CODE CRIM.PROC.ANN. art. 42.03, § 2(a)(1). In all other respects, the judgments are affirmed.


January 17, 2020

MICHAEL MASSENGALE, Former Justice

Before Palafox, J., Barajas, C.J. (Senior Judge), and Massengale, J. (Former Justice)
Barajas, C.J. (Senior Judge)(Sitting by Assignment)
Massengale, J. (Former Justice)(Sitting by Assignment)

(Do Not Publish)

6