# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00239-CR

**Daniel Ray Pruitt, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR21604, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Daniel Ray Pruitt pleaded guilty to theft of property valued between $1,500 and $20,000.  *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2006).  The district court adjudged him guilty and assessed his punishment at two years' incarceration in a state jail.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief.  No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.[1] Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 27, 2007

Do Not Publish

_____

[1] Appellant requested but was not given credit for the 257 days between his indictment in this cause and his trial. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (West 2006). The record reflects that during this time, appellant was in prison serving the sentence imposed following another felony conviction. Appellant's presentence incarceration was not due to indigence. *Cf. Ex parte Bates*, 978 S.W.2d 575, 577 (Tex. Crim. App. 1998); *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997); *Holloway v. State*, 115 S.W.3d 797, 798 (Tex. App.—Austin 2003, no pet.).