

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-243-CV

IN RE CHRIS CRAVEN                                           RELATOR

------------

### ORIGINAL PROCEEDING

------------

## OPINION

------------

The court has considered relator's petition for writ of mandamus and is of the opinion that relief should be denied. Accordingly, relator's petition for writ of mandamus is denied.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. filed a concurring opinion.

DELIVERED: November 13, 2009



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-243-CV

IN RE CHRIS CRAVEN                                                    RELATOR

------------

### ORIGINAL PROCEEDING

------------

## CONCURRING OPINION

------------

The primary issue presented in this original proceeding is whether article 42.12, section 15 of the code of criminal procedure vests a trial court with discretion—despite contrary mandatory language in article 42.03, section 2(a)(1) of the code of criminal procedure—to deny a defendant's request for credit for time served between arrest and sentencing when the defendant has been convicted of a state jail felony and is sentenced directly to imprisonment in a state jail facility, rather than placed on community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1), art. 42.12, § 15(h)(2)(A) (Vernon Supp. 2009).

Chris Craven pleaded guilty to the state jail felony of theft of property

worth $1,500–$20,000 and was sentenced to one year's confinement in a state jail felony facility. Although Craven was confined in jail for at least 134 days prior to sentencing, the trial court refused him credit for this time served. In his petition for writ of mandamus, Craven argues that article 42.03, section 2(a)(1) of the code of criminal procedure entitles him to credit on his sentence for the time he served in jail between his arrest and his sentencing by the trial court. The State, in its response to Craven's petition for writ of mandamus, asserts that article 42.12, section 15(h) of the code of criminal procedure vests the trial court with discretion to refuse to award Craven credit for the time he served between his arrest and sentencing.

Article 42.03 is titled "Pronouncing Sentence; Time; Credit for Time Spent in Jail Between Arrest and Sentence or Pending Appeal." Tex. Code Crim. Proc. Ann. art. 42.03. Article 42.03, section 2(a)(1) provides:

> *In all criminal cases* the judge of the court in which the defendant is convicted *shall* give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

*Id*. § 2(a)(1) (emphasis added). By its own terms, article 42.03, section 2(a)(1) is mandatory and applies to all criminal cases. *Id*. Case law construing article 42.03, section 2(a)(1) uniformly holds that defendants are entitled to credit

2

toward their sentences for time spent in confinement from arrest to sentencing. *See Ex parte Walker*, 150 S.W.3d 429, 431 (Tex. Crim. App. 2004). If a trial court fails to award such credit when imposing a sentence, the trial court should correct the judgment to reflect the appropriate credit by nunc pro tunc order. *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Additionally, a defendant may seek mandamus challenging the trial court's denial of or refusal to rule on a motion for a nunc pro tunc order to credit a defendant with time served between arrest and confinement until his sentence by the trial court. *Id.* at 149; *In re Gomez*, 268 S.W.3d 262, 264 (Tex. App.—Austin 2008, no pet.).

Article 42.12 of the code of criminal procedure is titled "Community Supervision." The purpose of article 42.12 as stated by the legislature is "to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of community supervision, and the supervision of defendants placed on community supervision." Tex. Code Crim. Proc. Ann. art. 42.12, § 1. Section 15 of article 42.12 is titled "Procedures Relating to State Jail Felony Community Supervision." *Id*. § 15. Section 15 sets forth the procedures for suspending imposition of a defendant's sentence and placing the defendant on community supervision in a state jail felony case. *Id.* § 15 (a)–(j). Consequently, neither

3

article 42.12 (addressing community supervision) nor Section 15 of that article (addressing procedures relating to state jail felony community supervision) would seem to have any application to a case in which a defendant convicted of a state jail felony is not placed on community supervision. *See* Tex. Gov't Code Ann. § 311.023 (Vernon 2007) (providing that, in construing statutes, courts may consider statutory objectives, legislative history, and consequences of a particular construction); *see also Routier v. State*, 273 S.W.3d 241, 247 n.18 (Tex. Crim. App. 2008) (explaining that the Code Construction Act applies to amendments to the code of criminal procedure).

Nonetheless, subsection 15(h) of article 42.12—stuck in the middle of an article that addresses community supervision and in the middle of a section that addresses procedures related to state jail felony community supervision— provides that a judge "*may credit* against any time a defendant is required to serve in a state jail felony facility time served by the defendant in a county jail from the time of the defendant's arrest and confinement until sentencing by the trial court."[1] Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2)(A) (emphasis added). Courts have construed article 42.12, section 15(h) as applying to

---

[1] Since 1997, the legislature has bootstrapped other non-community supervision provisions into article 42.12, section 15. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 15(i)–(k).

4

cases in which a defendant convicted of a state jail felony is sentenced to immediate confinement in a state jail facility, rather than to community supervision, and have held that trial courts have discretion to give or to deny those defendants credit for pre-sentencing time served. *See Holloway v. State*, 115 S.W.3d 797, 798 (Tex. App.—Austin 2003, no pet.); *Hoitt v. State*, 30 S.W.3d 670, 676–77 (Tex. App.—Texarkana 2000, pet. ref'd) (reasoning that article 42.12, section 15(h) is more specific and consequently controlling over article 42.03); *Williams v. State*, Nos. 05-97-00852-CR, 05-97-00853-CR, 1999 WL 1128883, at *1 (Tex. App.—Dallas Dec. 10, 1999, no pet.) (not designated for publication) (same); *see also Young v. State*, No. 06-05-00086-CR, 2005 WL 1842856, at *1 (Tex. App.—Texarkana Aug. 5, 2005, no pet.) (mem. op., not designated for publication) ("Section 15(h) . . . explicitly gives the trial court the discretion to decide whether to grant credit against a defendant's sentence for jail time served between arrest and sentencing.").[2]

---

[2] Those courts rely on two Texas Court of Criminal Appeals opinions, neither of which applied subsection 15(h) to a state jail felon sentenced directly to confinement in a state jail facility. *See Ex parte Bates*, 978 S.W.2d 575, 576–77 (Tex. Crim. App. 1998); *Ex parte Harris*, 946 S.W.2d 79, 80–81 (Tex. Crim. App. 1997). The *Bates* court applied the current subsection 15(h) in a community supervision revocation case and held that the defendant was not entitled to credit on the sentence assessed after revocation of his community supervision for the time he spent in jail between his arrest and his guilty plea. *See Bates*, 978 S.W.2d at 576–77. The *Harris* court applied the pre-1997 statute to a probation revocation proceeding and held that, although normally

Thus, courts have interpreted subsection 15(h) as an exception—applicable to all state jail felonies—to article 42.03's mandatory credit for pre-sentencing time served that is required in "all criminal cases." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1).

The legislative history of the state jail felony community supervision statute does not seem to support this construction of article 42.12, section 15. Before September 1, 1997, community supervision was mandatory for all state jail felons who did not have any prior felony convictions. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2754 (amended 1997) (current version at Tex. Code Crim. Proc. Ann. art. 42.12, § 15(a)(1)). When a trial court revoked a state jail felon's community supervision, subsection 15(h) gave the court discretion whether to credit pre-sentencing time served against "any time a defendant [was] subsequently

_____

discretionary with the trial court, the defendant was entitled to credit for time he spent in jail between his arrest and the entry of his guilty plea because he was unable to post bond due to his indigence and the trial court assessed the maximum sentence. *See Harris*, 946 S.W.2d at 80–81. Only one court of criminal appeals opinion, which is unpublished and consequently of no precedential value, has applied subsection 15(h) to a state jail felon sentenced directly to confinement in a state jail facility. *See Ex Parte Caraway*, Nos. WR-70932-01, WR-70932-02, 2008 WL 4809120, at *1 (Tex. Nov. 5, 2008) (order) ("On a state jail felony, credit for [pre-sentence jail] time is discretionary with the trial court."); *see also* Tex. R. App. P. 77.3 (providing that unpublished opinions have no precedential value and must not be cited as authority).

required to serve in a state jail felony facility *after revocation of community supervision.*" Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2755 (amended 1997) (emphasis added); *see Greenwood v. State*, 948 S.W.2d 542, 545 (Tex. App.—Fort Worth 1997, no writ) (holding that former version of subsection 15(h) controlled over article 42.03, section 2(a) to give trial courts discretion whether to give credit for time served in probation revocation proceedings in state jail felony cases). Thus, by its plain terms, prior versions of subsection 15(h) applied only when a state jail felon's community supervision was revoked; state jail felons who had not been placed on community supervision were entitled to credit for time served pursuant to article 42.03, section 2(a)(1). *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2755 (amended 1997).

In 1997, the legislature amended the state jail felony community supervision law to do away with mandatory community supervision in state jail felony cases in which the defendant had no prior felony convictions, giving judges discretion in such cases to either suspend a defendant's sentence or to order that the sentence be carried out. *See* Act of May 17, 1997, 75th Leg., R.S., ch. 488, § 1, 1997 Tex. Gen. Laws 1812, 1812 (current version at Tex. Code Crim. Proc. Ann. art. 42.12(a)(1)). At that time, because community supervision was not longer mandatory, the legislature also correspondingly

7

amended subsection 15(h)(2) to remove the language "after revocation of community supervision." Act of May 17, 1997, 75th Leg., R.S., ch. 488, § 4, 1997 Tex. Gen. Laws 1812, 1813. Courts have since applied subsection 15(h) to all state jail felony cases and have held that, to the extent that subsection 15(h)'s discretionary credit conflicts with the mandatory credit of article 42.03, subsection 15(h) controls. *See Young*, 2005 WL 1842856, at *1; *Holloway*, 115 S.W.3d at 798; *Hoitt*, 30 S.W.3d at 676–77; *Williams*, 1999 WL 1128883, at *1; *see also Garcia v. State*, 153 S.W.3d 755, 756 (Tex. App.—Dallas 2005, no pet.) (noting that trial courts retain discretion to permit credit against state jail sentence under subsection 15(h)(2)).

The application of article 42.12, section 15(h) to all state jail felony cases carves out a nonsensical exception to article 42.03, section 2(a)(1)'s mandate that

> [*i*]*n all criminal cases* the judge of the court in which the defendant is convicted *shall* give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

*See* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (emphasis added). No logical reason exists to apply article 42.03 to credit pre-sentence time served to all defendants sentenced to direct jail time *except* those convicted of state

jail felonies and sentenced to direct jail time. The statutory amendment effecting this change indicated no such intent but simply deleted the words "after revocation of community supervision" at the same time another provision of section 15 was amended to remove the requirement that a trial court place a state jail felon with no prior felony convictions on community supervision. The court of criminal appeals has yet to determine in a published opinion whether article 42.12, section 15(h) of the code of criminal procedure vests a trial court with discretion to deny a defendant's request for credit for time served between arrest and sentencing in a case in which the defendant is convicted of a state jail felony and sentenced directly to imprisonment in a state jail facility. In light of the case law from other courts of appeals answering this issue in the affirmative, however, I must agree with the majority that the trial court did not abuse its discretion here.

Accordingly, I concur with the majority's opinion denying Craven's petition for writ of mandamus.

SUE WALKER
JUSTICE

DELIVERED: November 13, 2009

9