COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                       NO.  2-09-243-CV

 

IN
RE CHRIS CRAVEN                                                              RELATOR

                                                                                                        

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                             OPINION

                                              ------------

The court has considered relator=s
petition for writ of mandamus and is of the opinion that relief should be
denied.  Accordingly, relator=s
petition for writ of mandamus is denied.

 

 

ANNE
GARDNER

JUSTICE    

 

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

   

WALKER, J. filed a
concurring opinion.

 

DELIVERED:  November 13, 2009

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

                                                                                                    COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-09-243-CV

 

 

IN RE CHRIS CRAVEN                                                             RELATOR

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                  CONCURRING OPINION

 

                                              ------------

 

The primary issue presented in this original
proceeding is whether article 42.12, section 15 of the code of criminal
procedure vests a trial court with discretionCdespite
contrary mandatory language in article 42.03, section 2(a)(1) of the code of
criminal procedureCto deny a defendant=s
request for credit for time served between arrest and sentencing when the
defendant has been convicted of a state jail felony and is sentenced directly
to imprisonment in a state jail facility, rather than placed on community
supervision.  See
Tex. Code Crim. Proc. Ann. art. 42.03, ' 2(a)(1), art. 42.12, ' 15(h)(2)(A) (Vernon Supp. 2009).








Chris Craven pleaded guilty to the state
jail felony of theft of property worth $1,500B$20,000
and was sentenced to one year=s
confinement in a state jail felony facility. 
Although Craven was confined in jail for at least 134 days prior to
sentencing, the trial court refused him credit for this time served.  In his petition for writ of mandamus, Craven
argues that article 42.03, section 2(a)(1) of the code of criminal
procedure entitles him to credit on his sentence for the time he served in jail
between his arrest and his sentencing by the trial court.  The State, in its response to Craven=s
petition for writ of mandamus, asserts that article 42.12, section 15(h) of the
code of criminal procedure vests the trial court with discretion to refuse to
award Craven credit for the time he served between his arrest and
sentencing.     

Article
42.03 is titled APronouncing Sentence;
Time; Credit for Time Spent in Jail Between Arrest and
Sentence or Pending Appeal.@  Tex. Code Crim. Proc. Ann. art. 42.03.  Article 42.03, section 2(a)(1)
provides:

 

In all criminal cases the judge of the court in
which the defendant is convicted shall give the defendant credit on the
defendant=s sentence for the time
that the defendant has spent . . . in jail for the case, other than confinement
served as a condition of community supervision, from the time of his arrest and
confinement until his sentence by the trial court.

 








Id. ' 2(a)(1) (emphasis added). 
By its own terms, article 42.03, section 2(a)(1)
is mandatory and applies to all criminal cases. 
Id.  Case law construing
article 42.03, section 2(a)(1) uniformly holds that
defendants are entitled to credit toward their sentences for time spent in
confinement from arrest to sentencing.  See Ex parte Walker, 150 S.W.3d 429, 431 (Tex. Crim. App.
2004).  If a trial court fails to
award such credit when imposing a sentence, the trial court should correct the
judgment to reflect the appropriate credit by nunc
pro tunc order. 
Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex.
Crim. App. 2004).  Additionally, a
defendant may seek mandamus challenging the trial court=s denial
of or refusal to rule on a motion for a nunc pro tunc order to credit a defendant with time served between
arrest and confinement until his sentence by the trial court.  Id. at 149; In re Gomez, 268
S.W.3d 262, 264 (Tex. App.CAustin
2008, no pet.).








Article 42.12 of the code of criminal
procedure is titled ACommunity Supervision.@  The purpose of article 42.12 as stated by the
legislature is Ato place wholly within the state
courts the responsibility for determining when the imposition of sentence in
certain cases shall be suspended, the conditions of community supervision, and
the supervision of defendants placed on community supervision.@  Tex. Code Crim. Proc. Ann.
art. 42.12, ' 1.  Section 15 of article 42.12 is titled AProcedures
Relating to State Jail Felony Community Supervision.@  Id. '
15.  Section 15 sets forth the procedures
for suspending imposition of a defendant=s
sentence and placing the defendant on community supervision in a state jail
felony case.  Id. ' 15 (a)B(j).  Consequently, neither article 42.12
(addressing community supervision) nor Section 15 of that article (addressing
procedures relating to state jail felony community supervision) would seem to
have any application to a case in which a defendant convicted of a state jail
felony is not placed on community supervision. 
See Tex. Gov=t Code
Ann. ' 311.023
(Vernon 2007) (providing that, in construing statutes, courts may consider
statutory objectives, legislative history, and consequences of a particular
construction); see also Routier v. State, 273
S.W.3d 241, 247 n.18 (Tex. Crim. App. 2008) (explaining
that the Code Construction Act applies to amendments to the code of criminal
procedure). 













Nonetheless, subsection 15(h) of article
42.12Cstuck in
the middle of an article that addresses community supervision and in the middle
of a section that addresses procedures related to state jail felony community
supervisionC provides that a judge Amay
credit against any time a defendant is required to serve in a state jail
felony facility time served by the defendant in a county jail from the time of
the defendant=s arrest and confinement until
sentencing by the trial court.@[1]  Tex. Code Crim. Proc. Ann.
art. 42.12, ' 15(h)(2)(A)
(emphasis added).  Courts have construed
article 42.12, section 15(h) as applying to cases in which a defendant
convicted of a state jail felony is sentenced to immediate confinement in a
state jail facility, rather than to community supervision, and have held that
trial courts have discretion to give or to deny those defendants credit for
pre-sentencing time served.  See
Holloway v. State, 115 S.W.3d 797, 798 (Tex. App.CAustin
2003, no pet.); Hoitt v. State, 30 S.W.3d 670,
676B77 (Tex.
App.CTexarkana
2000, pet. ref=d) (reasoning that article
42.12, section 15(h) is more specific and consequently controlling over article
42.03); Williams v. State, Nos. 05-97-00852-CR, 05-97-00853-CR, 1999 WL
1128883, at *1 (Tex. App.CDallas Dec. 10, 1999, no pet.) (not designated for publication) (same);
see also Young v. State, No. 06-05-00086-CR, 2005 WL 1842856, at *1 (Tex.
App.CTexarkana
Aug. 5, 2005, no pet.) (mem. op., not designated for
publication) (ASection 15(h) . . . explicitly
gives the trial court the discretion to decide whether to grant credit against
a defendant=s sentence for jail time served
between arrest and sentencing.@).[2]  Thus, courts have interpreted subsection
15(h) as an exceptionCapplicable to all state jail
feloniesCto
article 42.03>s mandatory credit for
pre-sentencing time served that is required in Aall
criminal cases.@ Tex. Code
Crim. Proc. Ann. art. 42.03, ' 2(a)(1). 








The legislative history of the state jail
felony community supervision statute does not seem to support this construction
of article 42.12, section 15.  Before
September 1, 1997, community supervision was mandatory for all state jail
felons who did not have any prior felony convictions.  See Act of May 29, 1995, 74th Leg.,
R.S., ch. 318, ' 60,
1995 Tex. Gen. Laws 2734, 2754 (amended 1997) (current version at Tex. Code
Crim. Proc. Ann. art. 42.12, ' 15(a)(1)).  When a trial
court revoked a state jail felon=s
community supervision, subsection 15(h) gave the court discretion whether to
credit pre-sentencing time served against Aany time
a defendant [was] subsequently required to serve in a state jail felony
facility after revocation of community supervision.@  Act of May 29, 1995, 74th Leg., R.S., ch. 318, ' 60,
1995 Tex. Gen. Laws 2734, 2755 (amended 1997) (emphasis added); see
Greenwood v. State, 948 S.W.2d 542, 545 (Tex. App.CFort
Worth 1997, no writ) (holding that former version of subsection 15(h)
controlled over article 42.03, section 2(a) to give trial courts discretion
whether to give credit for time served in probation revocation proceedings in
state jail felony cases).  Thus, by its
plain terms, prior versions of subsection 15(h) applied only when a state jail
felon=s
community supervision was revoked; state jail felons who had not been placed on
community supervision were entitled to credit for time served pursuant to
article 42.03, section 2(a)(1).  See Act
of May 29, 1995, 74th Leg., R.S., ch. 318, ' 60,
1995 Tex. Gen. Laws 2734, 2755 (amended 1997).  









In 1997, the legislature amended the state
jail felony community supervision law to do away with mandatory community
supervision in state jail felony cases in which the defendant had no prior
felony convictions, giving judges discretion in such
cases to either suspend a defendant=s
sentence or to order that the sentence be carried out.  See Act of May 17, 1997, 75th Leg.,
R.S., ch. 488, ' 1, 1997
Tex. Gen. Laws 1812, 1812 (current version at Tex. Code Crim. Proc. Ann. art.
42.12(a)(1)). 
At that time, because community supervision was not longer mandatory,
the legislature also correspondingly amended subsection 15(h)(2)
to remove the language Aafter revocation of community
supervision.@ 
Act of May 17, 1997, 75th Leg., R.S., ch. 488,
' 4, 1997
Tex. Gen. Laws 1812, 1813.  Courts have
since applied subsection 15(h) to all state jail felony cases and have held
that, to the extent that subsection 15(h)=s
discretionary credit conflicts with the mandatory credit of article 42.03,
subsection 15(h) controls.  See Young,
2005 WL 1842856, at *1; Holloway, 115 S.W.3d at 798; Hoitt, 30 S.W.3d at 676B77; Williams,
1999 WL 1128883, at *1; see also Garcia v. State, 153 S.W.3d 755, 756
(Tex. App.CDallas
2005, no pet.) (noting that trial courts retain
discretion to permit credit against state jail sentence under subsection
15(h)(2)).

The application of article 42.12, section
15(h) to all state jail felony cases carves out a nonsensical exception to
article 42.03, section 2(a)(1)=s
mandate that 

[i]n
all criminal cases the judge of the court in which the defendant is
convicted shall give the defendant credit on the defendant=s sentence for the time
that the defendant has spent . . . in jail for the case, other than confinement
served as a condition of community supervision, from the time of his arrest and
confinement until his sentence by the trial court.

 








See Tex.
Code Crim. Proc. Ann. art. 42.03, ' 2(a)(1) (emphasis added). 
No logical reason exists to apply article 42.03 to credit pre-sentence
time served to all defendants sentenced to direct jail time except those
convicted of state jail felonies and sentenced to direct jail time.  The statutory amendment effecting this change
indicated no such intent but simply deleted the words Aafter
revocation of community supervision@ at the
same time another provision of section 15 was amended to remove the requirement
that a trial court place a state jail felon with no prior felony convictions on
community supervision.  The court of
criminal appeals has yet to determine in a published opinion whether article
42.12, section 15(h) of the code of criminal procedure vests a trial court with
discretion to deny a defendant=s
request for credit for time served between arrest and sentencing in a case in
which the defendant is convicted of a state jail felony and sentenced directly
to imprisonment in a state jail facility. 
In light of the case law from other courts of appeals answering this
issue in the affirmative, however, I must agree with the majority that the
trial court did not abuse its discretion here. 


Accordingly, I concur with the majority=s
opinion denying Craven=s petition for writ of mandamus.

 

 

SUE
WALKER

JUSTICE

 

DELIVERED: November 13,
2009   

 











    [1]Since
1997, the legislature has bootstrapped other non-community supervision
provisions into article 42.12, section 15. 
See Tex. Code Crim. Proc. Ann. art.
42.12, ' 15(i)B(k). 





    [2]Those
courts rely on two Texas Court of Criminal Appeals opinions, neither of which
applied subsection 15(h) to a state jail felon sentenced directly to
confinement in a state jail facility.  See Ex parte Bates, 978 S.W.2d 575, 576B77
(Tex. Crim. App. 1998); Ex parte Harris, 946 S.W.2d 79, 80B81
(Tex. Crim. App. 1997).  The Bates
court applied the current subsection 15(h) in a community supervision
revocation case and held that the defendant was not entitled to credit on the
sentence assessed after revocation of his community supervision for the time he
spent in jail between his arrest and his guilty plea.  See Bates, 978 S.W.2d at 576B77.  The Harris court applied the pre-1997
statute to a probation revocation proceeding and held that, although normally
discretionary with the trial court, the defendant was entitled to credit for
time he spent in jail between his arrest and the entry of his guilty plea
because he was unable to post bond due to his indigence and the trial court
assessed the maximum sentence.  See
Harris, 946 S.W.2d at 80B81.  Only
one court of criminal appeals opinion, which is unpublished and consequently of
no precedential value, has applied subsection 15(h) to a state jail felon
sentenced directly to confinement in a state jail facility.  See Ex Parte Caraway, Nos.
WR-70932-01, WR-70932-02, 2008 WL 4809120, at *1 (Tex. Nov. 5, 2008) (order) (AOn a state jail felony,
credit for [pre-sentence jail] time is discretionary with the trial court.@); see also Tex.
R. App. P. 77.3 (providing that unpublished opinions have no precedential value
and must not be cited as authority).