# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00658-CR
NO. 03-11-00659-CR

**David Preston Campbell, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NOS. CR22,208 & CR22,209, HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

These are appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967). In trial court cause number CR22,208 (appellate cause number 03-11-00658-CR), appellant David Preston Campbell was charged with the offense of burglary of a building. *See* Tex. Penal Code Ann. § 30.02 (West 2011). In trial court cause number CR22,209 (appellate cause number 03-11-00659-CR), Campbell was charged with the offense of theft from a person *See* Tex. Penal Code Ann. § 31.03(e)(4)(b) (West Supp. 2012). Campbell pled guilty to both offenses. The district court found the evidence sufficient to support a finding of guilt in each cause, withheld such findings at that time, and ordered a pre-sentence investigation report (PSI). Following a sentencing hearing, punishment was assessed at eighteen months in state jail for both charged offenses with the sentences to run concurrently, but with no credit for time served. These appeals followed.

In each cause, Campbell's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel has sent Campbell a copy of counsel's brief and advised him of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45. No pro se brief or other written response has been filed.

We have reviewed the record, including appellate counsel's briefs, and find that the record contains at least one arguable ground for appeal. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Specifically, the record reflects that the district court denied Campbell's request to be given credit for time served. The arguable issue, as noted in a concurring opinion out of the Fort Worth Court of Appeals, is "whether article 42.12, section 15 of the code of criminal procedure vests a trial court with discretion—despite contrary mandatory language in article 42.03, section 2(a)(1) of the code of criminal procedure—to deny a defendant's request for credit for time served between arrest and sentencing when the defendant has been convicted of a state jail felony and is sentenced directly to imprisonment in a state jail facility, rather than placed on community supervision." *In re Craven*, No. 02-09-00243-CV, 2009 Tex. App. LEXIS 8836, at *1 (Tex. App.—Fort Worth Nov. 13, 2009, orig. proceeding) (Walker, J., concurring). As the concurring justice observed, although other courts of appeals—including this one—have found that a trial court does have such discretion,[1] "the Court of Criminal Appeals has yet to determine in a published opinion" the precise issue of "whether article 42.12, section 15(h) of the code of criminal procedure vests a trial court with discretion to deny a defendant's request for credit for time served between arrest and sentencing in a case in which

---

[1] *See, e.g., Holloway v. State*, 115 S.W.3d 797, 798 (Tex. App.—Austin 2003, no pet.); *Hoitt v. State*, 30 S.W.3d 670, 676, 677 (Tex. App.—Texarkana 2000, pet. ref'd).

the defendant is convicted of a state jail felony and sentenced directly to imprisonment in a state jail facility." *See id*. at *11. We conclude that this issue has an arguable basis in law and is therefore not frivolous. *See McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988); *In re Schulman*, 252 S.W.3d 403, 407 & n.12 (Tex. Crim. App. 2008); *Bledsoe*, 178 S.W.3d at 827. By this holding, however, we intend no comment as to the ultimate merits of this issue. *See Holloway v. State*, 115 S.W.3d 797, 798 (Tex. App.—Austin 2003, no pet.); *but cf. Craven*, 2009 Tex. App. LEXIS 8836, at *11 (Walker, J., concurring).

Because an *Anders* brief has been filed, we may not address the merits of any arguable ground for appeal until the issue has been briefed by new counsel. *See Bledsoe*, 178 S.W.3d at 827. Accordingly, the appeals are abated. The district court is instructed to appoint substitute counsel to file a brief addressing the above issue, along with any other issue that counsel deems meritorious. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In each cause, present counsel's motion to withdraw is granted. *See id*. A copy of the order appointing substitute counsel shall be forwarded to this Court no later than September 4, 2012. Substitute counsel's brief will be due thirty days after the date of appointment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Abated

Filed: August 23, 2012

Do Not Publish