**Opinion filed March 28, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00152-CR
_____

## CASEY BRENT SUTTERFIELD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR13558**

### M E M O R A N D U M   O P I N I O N

The grand jury returned an indictment alleging that Casey Brent Sutterfield, Appellant, "did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: a firearm being a Savage 30.06 caliber rifle, from Kevin Sowell, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property." *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1), (e)(4)(C) (West Supp. 2012). The jury convicted Appellant of that offense, a state jail felony, and assessed his punishment at confinement for one year. Appellant challenges the denial of jail time credit and the admission of extraneous offense evidence. We affirm.

*I. The Evidence at Trial*

Kevin Sowell owned three firearms: a Howa .22-250 bolt-action rifle, a Savage 30.06 rifle, and a Hugo semiautomatic rifle, all of which he kept hidden under his bed at his Erath County residence. Sowell met Appellant while working at FMC. Sowell allowed Appellant to move into his home in September 2010, and later, he showed Appellant his guns and their hiding place. Appellant moved out a few months later. Shortly after Appellant moved out, Sowell discovered that a number of items, including his three rifles, were missing. He filed a theft report with Erath County Sheriff's Investigator Jeremy Woodruff and gave him the serial numbers for two of the missing rifles.

Investigator Woodruff used "LeadsOnline" and discovered that Appellant had pawned the Howa rifle on November 23, 2010, in Abilene and the Savage rifle at EZ Pawn in San Angelo on December 4, 2010. He called both pawnshops, placed the guns on hold, and immediately contacted the Abilene and San Angelo police for help in retrieving them. Abilene Police Detective Jeff Cowan testified that, after Investigator Woodruff's call, he seized the Howa rifle at the pawnshop and sent it to him. San Angelo Police Detective Rick Keeling testified that he did the same in seizing and returning the Savage rifle that was located at the San Angelo pawnshop. Investigator Woodruff received the Howa and Savage rifles and confirmed that they belonged to Sowell.

Investigator Woodruff checked with the Texas Department of Public Safety, and its records confirmed that the identifiers used in both pawn transactions matched Appellant. Joe Michael Martinez, a clerk at EZ Pawn in Abilene, testified that on November 23, 2010, he completed a pawn transaction with Appellant for a "Stai Howa" bolt-action .22-250 rifle with serial number B150754. He identified the transaction's pawn documents and also identified Appellant as the customer by using Appellant's Texas identification. Likewise, Greg Vaquera, assistant manager at EZ Pawn in San Angelo, testified that on December 4, 2010, he had completed a pawn transaction for a Savage rifle, Model 110 bolt-action 30.06 with serial number F720517. He identified the pawn ticket for the transaction and identified Appellant as the pawn customer by his signature and Texas identification information.

Sowell also testified that Appellant had sent him text messages in which he apologized for taking the guns; Appellant also promised to pay for them or return them. Sowell identified

photos of the text messages that Appellant had sent him, and he later read them to the jury. Investigator Woodruff testified that Appellant admitted to him that he had pawned both guns.

Appellant testified in his own defense. He accused Sowell of operating a meth lab in his home as the reason why he had moved out. Appellant claimed he pawned the guns at Justin Davis's request. Appellant claimed not to know the whereabouts of Davis. Appellant was impeached by evidence of prior convictions for theft, theft by check, and family violence assault. Appellant also admitted owing Sowell rent money and sending text messages to Sowell, but he claimed that the messages only related to the rent money he owed Sowell.

## *II. Issues on Appeal*

Appellant has asserted that the trial court (1) erred in denying his request for jail time credit and (2) erred in admitting evidence of a different offense that took place three weeks prior to the indicted offense.

## *III. Standard of Review*

We review Appellant's first issue under an abuse of discretion standard because the trial court has the discretion to decide whether to grant a defendant credit against his sentence for jail time served between arrest and sentencing. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (West Supp. 2012); *Holloway v. State*, 115 S.W.3d 797, 798 (Tex. App.—Austin 2003, no pet.).

We also review the trial court's decision to admit extraneous offense evidence under an abuse of discretion standard utilizing Rule 401 (relevance) and Rule 404(b) (admissibility for "other" purpose) tests. TEX. R. EVID. 401, 404(b); *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991). We will utilize a two part test focusing on (1) relevance and (2) whether the evidence is admissible "'same transaction' contextual evidence" or inadmissible "'background' contextual evidence." *Mayes v. Sate*, 816 S.W.2d 79, 84–87 (Tex. Crim. App. 1991). A trial court abuses its discretion in admitting or excluding evidence when its decision lies outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996).

## *IV. Discussion and Analysis*

Appellant challenges the trial court's denial of his request for credit for time already served from the time of arrest through sentencing. He also challenges the trial court's admission of the extraneous offense of theft and pawn of the Howa rifle.

*A. Denial of Jail Time Credit*

Appellant argues that he should have been given credit for his jail time served prior to sentencing. Appellant argues that Article 42.03 of the Texas Code of Criminal Procedure prevails over Article 42.12, section 15(h)(2) because the latter deals with community supervision. Appellant offers as support a concurrence in an unpublished opinion in which it is argued that Article 42.03 should be mandatory. *See In re Craven*, No. 2-09-243-CV, 2009 WL 3823192 (Tex. App.—Fort Worth Nov. 13, 2009, orig. proceeding). We do not agree with Appellant's contention.

Article 42.12 provides in part:

> A judge . . . *may* credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in a county jail from the time of the defendant's arrest and confinement until sentencing by the trial court.

CRIM. PROC. art. 42.12, § 15(h)(2)(A) (emphasis added). Article 42.03 provides in part:

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court.

TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West Supp. 2012 ). Prior decisions have reviewed this issue and held that the specific statute, Article 42.12, prevails over the general statute, Article 42.03, in accordance with the Code Construction Act. *Hoitt v. State*, 30 S.W.3d 670, 676 (Tex. App.—Texarkana 2000, pet. ref'd). The Austin Court of Appeals also has held that the decision to allow jail time credit is discretionary. *Holloway*, 115 S.W.3d at 798.

In the punishment phase, the trial court heard the evidence presented of Appellant's prior convictions and his various explanations for them. The trial court also was aware that Appellant had failed to appear for his first two trial dates, had forfeited his bail bond, and was arrested on a bench warrant issued for his failure to appear. The trial court heard all the evidence at trial, both at the guilt/innocence phase and the punishment phase; knew that the jury's verdict was one year with no probation; and did not provide a reason for denying jail credit. We hold under these facts that the trial court did not abuse its discretion in denying Appellant jail credit for the time (approximately six months) that Appellant was incarcerated prior to sentencing.

We do note that, where an indigent individual is incarcerated and receives the maximum sentence for the conviction, the trial court is required under equal protection grounds to credit the

presence jail time to avoid the indigent defendant serving more than the maximum penalty allowed by law. *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997) (citing *Caraway v. State*, 550 S.W.2d 699 (Tex. Crim. App. 1977), and *Ex parte Chamberlain*, 586 S.W.2d 547 (Tex. Crim. App. 1979), which both cite *Williams v. Illinois*, 399 U.S. 235 (1970), and *Hart v. Henderson*, 449 F.2d 183 (5th Cir. 1971)).

We also note that, although Appellant had appointed counsel and may have been indigent, he did not receive a maximum sentence of confinement for two years. The trial court retained the discretion to decide whether to grant Appellant credit against his sentence for jail time served between arrest and sentencing. CRIM. PROC. art. 42.12, § 15(h)(2); *Holloway*, 115 S.W.3d at 798; *Hoitt*, 30 S.W.3d at 676. Appellant's first issue is overruled.

*B. Admission of Extraneous Offense Evidence*

Appellant next argues that the trial court's admission of the theft and pawn of the Howa rifle in his trial for theft of the Savage rifle was erroneous and led to his wrongful conviction. A party may not adduce evidence of "other crimes, wrongs, or acts" to prove character of a person in order to show he acted in conformity therewith. Rule 404(b). But admission of "other crimes, wrongs, or acts" may be admissible if "relevant" and advanced for "another purpose." Rule 404(b); *Montgomery*, 810 S.W.2d at 387–88. Those purposes may include the following non-exhaustive list: proof of intent, motive, opportunity, preparation, plan, knowledge, or identity or may rebut a defensive theory such as lack of mistake or accident. Rule 404(b); *Montgomery*, 810 S.W.2d at 387–88.

The review centers on whether the "background" evidence is relevant and, if so, is it admissible as "'same transaction' contextual evidence" or inadmissible because it is "'background' contextual evidence." *Mayes*, 816 S.W.2d at 84–87. This evidence was formerly called "res gestae" of the offense. *Id.* at 86. "Same-transaction contextual evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case incomplete or difficult to understand." *Prible v. State*, 175 S.W.3d 724, 732 (Tex. Crim. App. 2005) (citing *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)).

*1. Relevancy—Same Transaction Contextual Evidence*

Appellant claims the Howa rifle theft was "not relevant," and the State argues it was necessary "context" as part of a single theft. Relevancy refers to whether a fact is made more or

less likely. Rule 401. Events do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of an offense in order that it may realistically evaluate the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Evidence that imparts to the factfinder information essential to understanding the context and circumstances of an event is admissible to illuminate the nature of the alleged crime, even though it may include legally separate offenses that are nonetheless blended or interwoven. *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993) (citing *Mayes*, 816 S.W.2d at 86).

The Howa rifle theft and subsequent pawn transaction are relevant to the three missing rifles that Sowell reported to Investigator Woodruff. Investigator Woodruff completed his investigation after he received Sowell's report of the missing rifles. Investigator Woodruff located both rifles, secured and retrieved them, returned them to Sowell, and identified Appellant as the person who pawned them. The theft of the rifles was "part and parcel" of one transaction by Appellant whose own statements and text messages confirmed the theft.[1] The Howa rifle evidence is relevant evidence to the single theft transaction at Sowell's residence. Our inquiry now turns to whether such evidence is rendered inadmissible by Rule 404(b).

### 2. *Rule 404(b)—Same Transaction Contextual Evidence*

Appellant claims that the Howa .22-250 rifle theft and pawn were erroneous admissions of unrelated prior bad acts, which were inadmissible because he was only charged with theft of the Savage rifle. The trial court may allow evidence of another offense that is not part of the indictment to show the "background" or "context" of the indicted offense as part of a continuing criminal episode. *Mayes*, 816 S.W.2d at 84–87; *see Rogers*, 853 S.W.2d at 31. Appellant claimed that he got the weapons from Davis, a close friend who was "like a brother," and that he was unaware that they were stolen. But Investigator Woodruff testified that Appellant told him that he got the rifles from Sowell, not Davis.

The State introduced evidence of the pawn tickets, pawnshop transaction and video surveillance records, and pawnshop employees' testimony. The State also introduced Investigator Woodruff's testimony about his investigation of the pawn transactions and his efforts to recover the guns. Sowell testified he had hidden these weapons in his house under his

---

[1]Appellant was admonished about taking the stand and waiving his Fifth Amendment privilege against self-incrimination, but he waived his privilege and testified.

bed and had shown Appellant where they were. Appellant's theft of the two rifles was a "single" act to deprive Sowell of his property. All of this evidence provides the same transaction context for the single theft of the rifles. The trial court did not err in admitting the evidence of the Howa rifle theft and pawn transaction related to it.

But even were we to hold that the admission of the Howa rifle evidence was erroneous, which we do not, the error was harmless. The jury, as the factfinder, had the responsibility to weigh the evidence and decide whether Appellant was telling the truth about the pawn transactions as well as his explanation for his statements and text messages or whether the testimony of Investigator Woodruff, Martinez, Vaquera, and Sowell was more credible. Pawn transaction records, video surveillance, DPS records, and eyewitness testimony place Appellant at the San Angelo pawnshop pawning the Savage rifle. Appellant also admitted he was there and pawned the Savage rifle. There was sufficient evidence to convict Appellant of the theft of the Savage rifle without the Howa rifle evidence. Appellant's second issue is overruled.

*V. This Court's Ruling*

We affirm the trial court's judgment.


MIKE WILLSON

JUSTICE


March 28, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

7